EX. C-2

3/6/19



U.S. Department of Justice

*United States Attorney*

*District of New Jersey*

*CRAIG CARPENITO*
*United States Attorney*

*JASON M. RICHARDSON*
*Assistant United States Attorney*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*      *856/757-5026*
*401 Market Street, 4ᵗʰ Floor*                          *Fax: 856/968-4917*
*Post Office Box 2098*                      *Direct Dial: 856/968-4869*
*Camden, New Jersey 08101-2098*

JMR:2018R00916
Bobbit/Plea Agreement

February 4, 2019

Lori Koch, Esquire
Assistant Federal Public Defender
Federal Public Defender
800-850 Cooper Street, Suite 350
Camden, New Jersey 08102

> Re:   Plea Agreement with Johnny Bobbit Jr.
> Cr.# 19-170 (JBS)

Dear Ms. Koch:

This letter sets forth the plea agreement between your client, Johnny Bobbit, Jr., and the United States Attorney for the District of New Jersey ("this Office").

## Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Johnny Bobbit, Jr. to a single-count Information which charges him one count of conspiracy to commit money laundering, contrary to 18 U.S.C. § 1957(a), in violation of 18 U.S.C. § 1956(h). If Johnny Bobbit, Jr. enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Johnny Bobbit, Jr. for his role in the scheme to defraud donors of the GoFundMe campaign entitled "Paying it Forward" from in or about November 2017 to in or about September 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Johnny Bobbit, Jr. may be commenced against him, notwithstanding the expiration of the limitations period after Johnny Bobbit, Jr. signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1956(h) to which Johnny Bobbit, Jr. agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine of not more than $250,000 or twice the value of the property involved in the transaction, whichever is greater. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Johnny Bobbit, Jr. is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Johnny Bobbit, Jr. ultimately will receive.

Further, in addition to imposing any other penalty on Johnny Bobbit, Jr., the sentencing judge: (1) will order Johnny Bobbit, Jr. to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Johnny Bobbit, Jr. to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Johnny Bobbit, Jr., pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Johnny Bobbit, Jr. to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Johnny Bobbit, Jr. be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Johnny Bobbit, Jr. may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Johnny Bobbit, Jr. agrees to make full restitution to the victims for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense. Johnny Bobbit, Jr. specifically agrees that for purposes of sentencing, uncharged offenses and/or dismissed counts will be treated as relevant conduct pursuant to U.S.S.G. § 1B1.3, to the extent that the offenses are related to the counts of conviction. Notwithstanding the above, the defendant reserves his right to argue that the Court apportion his restitution pursuant to 18 U.S.C. § 3664(h).

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Johnny Bobbit, Jr. by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Johnny Bobbit, Jr.'s activities and relevant conduct with respect to this case.

### Stipulations

This Office and Johnny Bobbit, Jr. agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Johnny Bobbit, Jr. from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Johnny Bobbit, Jr. waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and

removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Johnny Bobbit, Jr.. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Johnny Bobbit, Jr..

No provision of this agreement shall preclude Johnny Bobbit, Jr. from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Johnny Bobbit, Jr. received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Johnny Bobbit, Jr. and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

BY: JASON M. RICHARDSON
Assistant U.S. Attorney

APPROVED:

MATTHEW J. SKAHILL
Deputy U.S. Attorney

5

I have received this letter from my attorney, AFPD Lori Koch, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____                    Date: 3/6/19
JOHNNY BOBBIT, JR.



I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                    Date: 3/6/19
LORI KOCH, Esquire
Assistant Federal Public Defender

Plea Agreement With Johnny Bobbit, Jr.

Schedule A

1.      This Office and Johnny Bobbit, Jr. recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Johnny Bobbit, Jr. nevertheless agree to the stipulations set forth herein.

2.      The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3.      The applicable guideline for money laundering is U.S.S.G. § 2S1.1. The base offense level is 8 plus the number of offense levels from U.S.S.G. § 2B1.1 corresponding to the value of the laundered funds, which was $25,000, therefore 4 levels are added. See U.S.S.G. § 2B1.1 (b)(1)(C). Accordingly, the base offense level is 12. See U.S.S.G. § 2S1.1(a)(2).

4.      As of the date of this letter, Johnny Bobbit, Jr. has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Johnny Bobbit, Jr.'s acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5.      The parties agree not to seek or argue for any upward or downward departures (at Step II of Sentencing), adjustments or variances not set forth herein. Johnny Bobbit, Jr. reserves the right to move for a reduced sentence pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a)(1) and (2) (at Step III of Sentencing). The United States reserves the right to oppose any such application.

6.      Johnny Bobbit, Jr. knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 10. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 10. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court

7

accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      7.      Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.